UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| WI-LAN INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| APPLE, INC., ALCATEL-LUCENT USA INC., DELL, INC., HEWLETT-PACKARD COMPANY, HTC AMERICA, INC., KYOCERA INTERNATIONAL, INC., KYOCERA COMMUNICATIONS, INC., NOVATEL WIRELESS, INC., SIERRA WIRELESS AMERICA, INC. | § § § § § § § | Civil Action No. 6:11-cv-453 JURY TRIAL REQUESTED |
| Defendants. | | |

## ORIGINAL COMPLAINT

Plaintiff Wi-LAN Inc. files this Original Complaint for patent infringement against Defendants Apple, Inc., Alcatel-Lucent USA Inc., Dell, Inc., Hewlett-Packard Company, HTC America, Inc., Kyocera International, Inc., Kyocera Communications, Inc., Novatel Wireless, Inc., and Sierra Wireless America, Inc. (individually and collectively, "Defendants") for infringement of U.S. Patent No. RE37,802 ("the '802 Patent") and U.S. Patent No. 5,282,222 ("the '222 Patent") (collectively, the "Patents-in-Suit") pursuant to 35 U.S.C. § 271. Copies of the Patents-in-Suit are attached as Exhibits A and B. All facts in this Original Complaint are made upon information and belief.

## PARTIES

1. Plaintiff Wi-LAN Inc. ("Wi-LAN") is a corporation existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada K1Y 4S1.


2. Defendant Apple, Inc. ("Apple") is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.  Apple manufactures for sale, sells, and/or offers for sale wireless communication products, including but not limited to products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, in the United States, and, more particularly, in the Eastern District of Texas.  Apple may be served through its registered agent CT Corp System at 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

3. Alcatel-Lucent USA Inc. ("Alcatel Lucent") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 600-700 Mountain Avenue, Murray Hill, NJ 07974.  Moreover, Alcatel-Lucent has a place of business in the Eastern District of Texas at 3400 West Plano Parkway Plano, TX 75075.  Alcatel-Lucent manufactures for sale, sells, and/or offers for sale wireless communication products, including but not limited to products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, in the United States, and, more particularly, in the Eastern District of Texas.  Alcatel-Lucent may be served through its registered agent Prentice Hall Corporation System at 211 E. 7th Street, Suite 520, Austin, TX 78701-3218.

4. Defendant Dell, Inc. ("Dell") is a corporation organized and existing under the laws of Delaware with its principal place of business at 1 Dell Way, Round Rock, TX 78682-2222.  Dell manufactures for sale, sells, and/or offers for sale wireless communication products, including but not limited to products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11

standards, and/or LTE standards, in the United States, and, more particularly, in the Eastern District of Texas.  Dell may be served through its registered agent Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

5. Defendant Hewlett-Packard Company ("Hewlett-Packard") is a Delaware corporation with its principal place of business at 3000 Hanover St., Palo Alto, CA 94304.  Moreover, Hewlett-Packard has a place of business at Compaq Center Drive West, Houston, TX 77070.  Hewlett-Packard manufactures for sale, sells, and/or offers for sale wireless communication products, including but not limited to products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, in the United States, and, more particularly, in the Eastern District of Texas.  Hewlett-Packard may be served through its registered agent CT Corp System at 350 N. St. Paul Street, Dallas, TX 75201.

6. Defendant HTC America, Inc. ("HTC") is a Washington corporation with a principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, WA 98005.  HTC manufactures for sale, sells, and/or offers for sale wireless communication products, including but not limited to products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, in the United States, and, more particularly, in the Eastern District of Texas.  HTC may be served through its registered agent National Registered Agents, Inc., 16055 Space Center Blvd., Suite 235, Houston, TX 77062.

7. Defendant Kyocera International, Inc. is a California corporation having its principal place of business at 8611 Balboa Avenue, San Diego, CA 92123.  Defendant Kyocera Communications, Inc. is a corporation organized and existing under the laws of

Delaware, with its principal place of business at 9520 Town Center Drive, San Diego, CA 92121. Defendants Kyocera International, Inc. and Kyocera Communications, Inc. are individually and collectively referred to herein as "Kyocera." Kyocera manufactures for sale, sells, and/or offers for sale wireless communication products, including but not limited to products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, in the United States, and, more particularly, in the Eastern District of Texas. Kyocera International, Inc. may be served at its principal place of business. Kyocera Communications, Inc. may be served through its registered agent CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

8.  Defendant Novatel Wireless, Inc. ("Novatel Wireless") is a corporation organized and existing under the laws of Delaware with its principal place of business at 9645 Scranton Rd., Suite 205, San Diego, CA 92121. Novatel Wireless manufactures for sale, sells, and/or offers for sale wireless communication products, including but not limited to products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, in the United States, and, more particularly, in the Eastern District of Texas. Novatel Wireless may be served through its registered agent Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE, 19801.

9.  Defendant Sierra Wireless America, Inc. ("Sierra Wireless") is a Delaware corporation with its principal place of business at 2200 Faraday Avenue Suite 150 Carlsbad, CA 92008. Sierra Wireless manufactures for sale, sells, and/or offers for sale wireless communication products, including but not limited to products compliant with

the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, in the United States, and, more particularly, in the Eastern District of Texas.  Sierra Wireless may be served through its registered agent RL&F Service Corp., One Rodney Square, 10th Floor, Wilmington, DE, 19801.

## JURISDICTION AND VENUE

10. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over each Defendant.  Each Defendant has conducted and does conduct business within the State of Texas.  Each Defendant, directly or through intermediaries (including distributors, retailers, and others), imports, ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products in the United States, the State of Texas, and the Eastern District of Texas.  Each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  These infringing products have been and continue to be purchased by consumers in the Eastern District of Texas.  Each Defendant has committed the tort of patent infringement within the State of Texas and, particularly, within the Eastern District of Texas.

13. Venue is proper in this Court pursuant to 28 U S.C. §§ 1391 and 1400(b).

## COUNT I:  PATENT INFRINGEMENT

14. On July 23, 2002, the United States Patent and Trademark Office duly and legally issued the '802 Patent, entitled "Multicode Direct Sequence Spread Spectrum" after a full and fair examination.  Wi-LAN is the assignee of all rights, title, and interest in and to the '802 Patent and possesses all rights of recovery under the '802 Patent, including the right to recover damages for past infringement.

15. The '802 Patent is valid and enforceable.

16. On January 25, 1994, the United States Patent and Trademark Office duly and legally issued the '222 Patent, entitled "Method and Apparatus for Multiple Access Between Transceivers in Wireless Communications Using OFDM Spread Spectrum" after a full and fair examination.  Wi-LAN is the assignee of all rights, title, and interest in and to the '222 Patent and possesses all rights of recovery under the '222 Patent, including the right to recover damages for past infringement.

17. The '222 Patent is valid and enforceable.

18. Apple has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, that fall within the scope of at least one claim of the Patents-in-Suit ("Apple's Accused Products").  As a result of Apple's infringing activities, users of Apple's Accused Products directly infringe the Patents-in-Suit.

19.     Alcatel-Lucent has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, that fall within the scope of at least one claim of the Patents-in-Suit ("Alcatel-Lucent's Accused Products").  As a result of Alcatel-Lucent's infringing activities, users of Alcatel-Lucent's Accused Products directly infringe the Patents-in-Suit.

20.     Dell has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, that fall within the scope of at least one claim of the Patents-in-Suit ("Dell's Accused Products").  As a result of Dell's infringing activities, users of Dell's Accused Products directly infringe the Patents-in-Suit.

21.     Hewlett-Packard has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, that fall within the scope of at least one claim of the Patents-in-Suit

(Hewlett-Packard's Accused Products). As a result of Hewlett-Packard's infringing activities, users of Hewlett-Packard's Accused Products directly infringe the Patents-in-Suit.

22. HTC has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, that fall within the scope of at least one claim of the Patents-in-Suit ("HTC's Accused Products"). As a result of HTC's infringing activities, users of HTC's Accused Products directly infringe the Patents-in-Suit.

23. Kyocera has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, that fall within the scope of at least one claim of the Patents-in-Suit ("Kyocera's Accused Products"). As a result of Kyocera's infringing activities, users of Kyocera's Accused Products directly infringe the Patents-in-Suit.

24. Novatel Wireless has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling products compliant with the

CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, that fall within the scope of at least one claim of the Patents-in-Suit ("Novatel Wireless' Accused Products").  As a result of Novatel Wireless' infringing activities, users of Novatel Wireless' Accused Products directly infringe the Patents-in-Suit.

25. Sierra Wireless has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, that fall within the scope of at least one claim of the Patents-in-Suit ("Sierra Wireless' Accused Products").  As a result of Sierra Wireless' infringing activities, users of Sierra Wireless' Accused Products directly infringe the Patents-in-Suit.

26. Wi-LAN has no adequate remedy at law against Defendants' acts of infringement, and, unless Defendants are enjoined from their infringement of the Patents-in-Suit, Wi-LAN will suffer irreparable harm.

27. Defendants have had actual knowledge of the Patents-in-Suit, and actual knowledge that its activities constitute either direct or indirect infringement of the Patents-in-Suit, and have not ceased their infringing activities. Defendants' infringement of the Patents-in-Suit has been and continues to be willful and deliberate. Defendants also have knowledge of the Patents-in-Suit by way of this complaint and to the extent

they do not cease their infringing activities their infringement is and continues to be willful and deliberate.

28. Defendants, by way of their infringing activities, have caused and continue to cause Wi-LAN to suffer damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Wi-LAN prays for the following relief:

1. A judgment in favor of Wi-LAN that Defendants have infringed, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit;

2. A permanent injunction, enjoining Defendants and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the Patents-in-Suit;

3. Award to Wi-LAN the damages to which it is entitled under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement, including both compensatory damages and treble damages for willful infringement;

4. A judgment and order requiring Defendants to pay the costs of this action (including all disbursements), as well as attorneys' fees as provided by 35 U.S.C. § 285;

5. Award to Wi-LAN pre-judgment and post-judgment interest on its damages; and

6. Such other and further relief in law or in equity to which Wi-LAN may be justly entitled.

## **DEMAND FOR JURY TRIAL**

Wi-LAN demands a trial by jury of any and all issues triable of right before a jury.

| | |
|---|---|
| DATED:  September 1, 2011. | Respectfully submitted,<br><br>**MCKOOL SMITH, P.C.**<br><br>/s/ Sam Baxter<br>Sam Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>MCKOOL SMITH, P.C.<br>104 E. Houston Street, Suite 300<br>P.O. Box O<br>Marshall, Texas 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Robert A. Cote<br>rcote@mckoolsmith.com<br>John F. Petrsoric<br>jpetrsoric@mckoolsmith.com<br>Kevin Schubert<br>kschubert@mckoolsmith.com<br>MCKOOL SMITH, P.C.<br>One Bryant Park, 47th Floor<br>New York, New York 10036<br>Telephone: (212) 402-9400<br>Facsimile:  (212) 402-9444<br><br>Seth Hasenour<br>Texas State Bar No. 24059910<br>shasenour@mckoolsmith.com<br>MCKOOL SMITH P.C.<br>300 W. 6th Street, Suite 1700<br>Austin, Texas 78701<br>Telephone: (512) 692-8751<br>Facsimile: (512) 692-8744<br><br>Dirk D. Thomas<br>dthomas@mckoolsmith.com<br>MCKOOL SMITH, P.C.<br>1700 K Street, NW, Suite 740<br>Washington, DC 20006<br>Telephone: (202) 370-8300<br>Facsimile:  (202) 370-8344<br><br>**ATTORNEYS FOR PLAINTIFF WI-LAN, INC.** |