**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| WI-LAN, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 6:11-CV-453 |
| | § | |
| APPLE, INC., | § | JURY TRIAL REQUESTED |
| ALCATEL-LUCENT USA INC., | § | |
| DELL, INC., | § | |
| HEWLETT-PACKARD COMPANY, | § | |
| HTC AMERICA, INC., | § | |
| KYOCERA INTERNATIONAL, INC., | § | |
| KYOCERA COMMUNICATIONS, INC., | § | |
| NOVATEL WIRELESS, INC., and | § | |
| SIERRA WIRELESS AMERICA, INC. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT HEWLETT-PACKARD COMPANY'S ORIGINAL ANSWER
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO
<u>WI-LAN'S ORIGINAL COMPLAINT</u>**

Defendant Hewlett-Packard Company ("HP") answers plaintiff Wi-LAN Inc.'s ("Wi-LAN") Original Complaint ("Complaint") as follows. Wi-LAN's opening paragraph does not itself appear to contain any allegations requiring a response. Out of an abundance of caution, HP admits that Wi-LAN's pleading purports to be a complaint for patent infringement, but denies HP has infringed any valid and enforceable patent claim or that Wi-LAN is entitled to any relief. HP's specific responses to the numbered allegations are set forth below.

**PARTIES**

1. On information and belief, HP admits that plaintiff Wi-LAN Inc. is a corporation existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

2. The allegations of paragraph 2 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3. The allegations of paragraph 3 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4. The allegations of paragraph 4 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5. HP admits that it is a Delaware corporation with its principal place of business at 3000 Hanover St., Palo Alto, CA 94304, and that it has a place of business at Compaq Center Drive West, Houston, TX 77070. As to the third sentence, HP has offered wireless communication products that contained components that upon information and belief provided the wireless functionality of one or more of the HSPA standards and/or 802.11 standards. HP admits that it may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201. HP denies any remaining allegations of paragraph 5.

6. The allegations of paragraph 6 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies them.

7. The allegations of paragraph 7 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8. The allegations of paragraph 8 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9. The allegations of paragraph 9 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

## JURISDICTION AND VENUE

10. These allegations set forth legal conclusions to which no response is required. HP admits that Wi-LAN's complaint alleges infringement under the United States patent laws. HP denies any remaining allegations in paragraph 10.

11. HP admits that this Court has subject matter jurisdiction over patent law claims. Consistent with the denial of the allegations of paragraphs 14 and 16 below, on information and belief, HP denies that Wi-LAN has standing, and accordingly denies that this Court has subject matter jurisdiction over Wi-LAN's patent claims in this particular case and denies any allegations in this paragraph.

12. HP admits that this Court has personal jurisdiction over it in this particular action, and that it has conducted business in the State of Texas. HP admits that it directly or through intermediaries (including distributors, retailers, and others), has imported, shipped, distributed, offered for sale, sold, and advertised (including the provision of an interactive web page) some of its products in the United States, the State of Texas, and/or the Eastern District of Texas. To the extent the remaining allegations of paragraph 12 are directed at HP, they are denied. To the extent the allegations of paragraph 12 are directed to other entities, HP lacks sufficient information to admit or deny the allegations of paragraph 12, and therefore denies them.

13. HP admits that venue in this action is proper in the Eastern District of Texas for purposes of this particular action but denies that it is the most convenient venue.

## COUNT 1

14. With respect to the first sentence of paragraph 14, HP admits that U.S. Patent No. RE37,802 (the "'802 patent") is entitled "Multicode Direct Sequence Spread Spectrum," and that the '802 patent bears an issuance date of July 23, 2002. With respect to the second sentence of paragraph 14, HP is without knowledge or information sufficient to form a belief as to whether Wi-LAN is the assignee of rights to the '802 patent and therefore denies the allegations of the second sentence. HP denies all other allegations of paragraph 14.

15. HP denies the allegations in paragraph 15 of the Amended Complaint.

16. With respect to the first sentence of paragraph 16, HP admits that U.S. Patent No. 5,282,222 (the "'222 patent") is entitled "Method and Apparatus for Multiple Access Between Transceivers in Wireless Communications Using OFDM Spread Spectrum," and that the '222 patent bears an issuance date of January 25, 1994. With respect to the second sentence of paragraph 16, HP is without knowledge or information sufficient to form a belief as to whether Wi-LAN is the assignee of rights to the '222 patent and therefore denies the allegations of the second sentence. HP denies all other allegations of paragraph 16.

17. HP denies the allegations in paragraph 17 of the Amended Complaint.

18. The allegations of paragraph 18 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies them.

19. The allegations of paragraph 19 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

20. The allegations of paragraph 20 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21. HP denies the allegations in paragraph 21 of the Amended Complaint.

22. The allegations of paragraph 22 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies them.

23. The allegations of paragraph 23 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies them.

24. The allegations of paragraph 24 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them.

25. The allegations of paragraph 25 are not directed to HP, and therefore no answer is required. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore denies them.

26. HP denies the allegations in paragraph 26 of the Amended Complaint.

27. HP denies the allegations in paragraph 27 of the Amended Complaint.

28. HP denies the allegations in paragraph 28 of the Amended Complaint.

## **PRAYER FOR RELIEF**

These paragraphs set forth the statement of relief requested by Wi-LAN to which no response is required. HP denies that Wi-LAN is entitled to any of the requested relief.

## DEMAND FOR JURY TRIAL

This paragraph sets forth Wi-LAN's request for a jury trial and all issues triable of right before a jury to which no response is required.

## AFFIRMATIVE DEFENSES

Subject to the responses above, HP alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to their responses above, HP specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

1. Wi-LAN has failed to provide adequate evidence of ownership of the '222 and '802 patents and therefore lacks standing to bring suit.

2. The claims of the '222 patent are invalid for failure to satisfy one or more of the requirements of Sections 100 et seq., 101, 102, 103, 112 and 132 of Title 35 of the United States Code.

3. The claims of the '802 patent are invalid for failure to satisfy one or more of the requirements of Sections 100 et seq., 101, 102, 103, 112, 132 and 251 of Title 35 of the United States Code.

4. The claims of the '222 and '802 patents are unenforceable as asserted, in whole or in part, by doctrines of waiver (express or implied), laches, and/or estoppel.

5. The claims of the '222 and '802 patents are unenforceable as asserted, in whole or in part, by the doctrine of equitable estoppel.

6. Wi-LAN cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

7. Wi-LAN's alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 287, and the limitations period further bars past damages claims.

8. Products accused of infringement are licensed, expressly or implicitly.

9. One or more of the claims of the '802 patent are barred by intervening rights and 35 USC §252.

10. One or more of the claims of the '802 patent are invalid under the doctrine of recapture.

11. Wi-LAN's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Wi-LAN is not entitled to a double recovery.

12. Wi-LAN's enforcement of the patents in suit is barred, in whole or in part, by the doctrine of prosecution history estoppel.

13. Wi-LAN's request for relief is barred or otherwise limited by 35 U.S.C. § 288.

14. If Wi-LAN is entitled to any relief for alleged infringement of the patents in suit, some or all of that relief is limited under 28 U.S.C. § 1498(a).

15. Any award of enhanced or increased damages for willful infringement as pleaded in Wi-LAN's Amended Complaint would violate the due process clause of the Fourteenth Amendment to the United States Constitution.

16. Wi-LAN is not entitled to enhanced or increased damages for willful infringement, because HP has not engaged in any conduct that meets the applicable standard for willful infringement.

17. HP reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity,

which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

HP, for its Counterclaims against Wi-LAN and upon information and belief, states as follows:

## THE PARTIES

1. Defendant Hewlett-Packard Company ("HP") is a Delaware corporation with its principal place of business at 3000 Hanover St., Palo Alto, CA 94304.

2. On information and belief, plaintiff Wi-LAN Inc. ("Wi-LAN") is a corporation existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

## JURISDICTION AND VENUE

3. Subject to HP's affirmative defenses and denials, including those concerning Wi-LAN's lack of standing, HP alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this district.

4. This Court has personal jurisdiction over Wi-LAN.

## FACTUAL BACKGROUND

5. In its Complaint, Wi-LAN asserts that HP has infringed U.S. Patent Nos. RE37,802 (the "'802 patent") and 5,282,222 (the "'222 patent").

6. The '802 and '222 patents are invalid and/or have not been and are not infringed by HP, directly or indirectly. Additionally, as alleged herein, Wi-LAN has engaged in misconduct rendering the patents unenforceable.

7. Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the '802 and '222 patents.

## COUNT ONE

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. Re37,802.

8. HP restates and incorporates by reference its allegations in paragraphs 1 through 7 of its Counterclaims.

9. An actual case or controversy exists between HP and Wi-LAN as to whether the '802 patent is not infringed by HP.

10. A judicial declaration is necessary and appropriate so that HP may ascertain its rights regarding the '802 patent.

11. HP has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '802 patent.

## COUNT TWO

### Declaratory Judgment Of Invalidity Of U.S. Patent No. Re 37,802

12. HP restates and incorporates by reference its allegations in paragraphs 1 through 11 of its Counterclaims.

13. An actual case or controversy exists between HP and Wi-LAN as to whether the claims of the '802 patent are invalid.

14. A judicial declaration is necessary and appropriate so that HP may ascertain its rights as to whether the claims of the '802 patent are invalid.

15. The claims of the '802 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, 132 and 251.

## COUNT THREE

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 5,282,222

16. HP restates and incorporates by reference its allegations in paragraphs 1 through 15 of its Counterclaims.

17. An actual case or controversy exists between HP and Wi-LAN as to whether the '222 patent is not infringed by HP.

18. A judicial declaration is necessary and appropriate so that HP may ascertain its rights regarding the '222 patent.

19. HP has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '222 patent.

## COUNT FOUR

### Declaratory Judgment Of Invalidity Of U.S. Patent No. 5,282,222

20. HP restates and incorporates by reference its allegations in paragraphs 1 through 19 of its Counterclaims.

21. An actual case or controversy exists between HP and Wi-LAN as to whether the claims of the '222 patent are invalid.

22. A judicial declaration is necessary and appropriate so that HP may ascertain its rights as to whether the claims of the '222 patent are invalid.

23. The claims of the '222 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112 and 132.

## PRAYER FOR RELIEF

WHEREFORE, HP prays for judgment as follows:

a. A judgment dismissing Wi-LAN's complaint against HP with prejudice;

    b.    A judgment in favor of HP on all of its Counterclaims;

    c.    A declaration that HP has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '222 and '802 patents;

    d.    A declaration that the claims of the '222 and '802 patents are invalid;

    e.    A declaration that the '222 and '802 patents are unenforceable;

    f.    An injunction against Wi-LAN and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Wi-LAN from charging infringement or instituting any legal action for infringement of the '222 and '802 patents against HP or anyone acting in privity with HP;

    i.    A judgment limiting or barring Wi-LAN's ability to enforce the '222 and '802 patents in equity;

    k.    An award to HP of, and a declaration that HP has, a royalty-free license for the '222 and '802 patents; and

    l.    Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, HP respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: November 7, 2011

Respectfully submitted,

By: /s/ *David J. Levy*
David J. Levy
State Bar No. 12264850
*Lead Attorney*
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Telephone No. (713) 890-5170
Telecopier No. (713) 890-5001
Email: dlevy@morganlewis.com

*Of Counsel:*

C. Erik Hawes
State Bar No. 24042543
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Telephone No. (713) 890-5175
Telecopier No. (713) 890-5001
Email: ehawes@morganlewis.com
Email: crogers@morganlewis.com


Melissa Smith
GILLAM SMITH, L.L.P.
303 S. Washington Ave.
Marshall, Texas 75670
Telephone No. (903) 934-8450
Telecopier No. (903) 934-9257
Email: melissa@gillamsmithlaw.com

ATTORNEYS FOR DEFENDANT/
COUNTER-PLAINTIFF
HEWLETT-PACKARD COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of **Defendant Hewlett-Packard Company's Original Answer, Affirmative Defenses, and Counterclaims To Wi-LAN's Original Complaint** via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 7, 2011.

By: /s/ *David J. Levy*
David J. Levy