# WINSTON & STRAWN LLP

BEIJING
CHARLOTTE
CHICAGO
GENEVA
HONG KONG
HOUSTON
LONDON
LOS ANGELES

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601

+1 (312) 558-5600

FACSIMILE +1 (312) 558-5700

www.winston.com

MOSCOW
NEW YORK
NEWARK
PARIS
SAN FRANCISCO
SHANGHAI
WASHINGTON, D.C.

March 19, 2012

VIA ECF FILING

Chief Judge Leonard Davis
William M. Steger Federal Building
211 West Ferguson, Third Floor
Tyler, TX 75702

      Re:    *Wi-LAN Inc. v. Apple, Inc. et al.*, Case No.: 6:11-cv-00453-LED

Dear Judge Davis:

      We write on behalf of our client Dell Inc. ("Dell") seeking leave to file a motion for summary judgment of non-infringement in this action.  Dell is entitled to judgment as a matter of law because Plaintiff's action is barred by the doctrine of res judicata.  In short, Plaintiff Wi-LAN Inc. ("Wi-LAN") previously sued Dell on the same patents alleging infringement of the same accused products.   That previous action was dismissed by Wi-LAN with prejudice on March 24, 2011 ("Dismissal Order").  In that Dismissal Order, Wi-LAN reserved "all rights to assert the Patents-in-Suit with respect to infringement occurring after March 11, 2011."  Wi-LAN's attempted reservation of rights, however, was ineffective as to the products that were accused, or could have been accused, in the previous action.  As a matter of law, those products (that were accused or that could have been accused) permanently acquired non-infringing status as of the March 11, 2011 Dismissal Order.  For these previously accused products, there can be no infringement occurring after March 11, 2011.  Dell, therefore, is entitled to judgment as a matter of law.

## I.    BACKGROUND

### A.    WI-LAN'S FIRST ACTION AGAINST DELL

      In *Wi-LAN Inc. v. Dell Inc. et al.*, 2:07-cv-473-TJW (E.D. Tex.), filed on October 31, 2007 (hereinafter "*Wi-LAN I*"), Plaintiff Wi-LAN accused Defendant Dell of infringement of U.S. Patents Nos. 5,282,222 and RE37,802 ("the '222 Patent" and "the '802 Patent").

      Plaintiff's Infringement Contentions, served on October 30, 2008, specified that Claims 1-3 and 7-9 of the '222 Patent and Claims 1, 4-5, 10, 12-14, 17, 20-25, 29-31, 33-34, and 36-38

of the '802 Patent were infringed by Dell. Plaintiff's Infringement Contentions in *Wi-LAN I* also specified that the following Dell products were being accused of infringing the Asserted Claims:

- Dell XPS Notebook Computers
- Dell Inspiron Notebook Computers
- Dell Latitude Notebook Computers
- Dell Precision Notebook Computers
- Dell Vostro Notebook Computers

The parties in *Wi-LAN I* continued to litigate right up until the eve of trial, but the case was resolved by the parties prior to trial. In resolving their dispute, Plaintiff Wi-LAN and Dell filed on March 11, 2011, a Stipulation and Joint Motion to Dismiss With Prejudice. This motion was granted by Judge Ward on March 24, 2011. The terms of the Dismissal Order stated:

(1) All claims against Dell presented by Wi-LAN's Complaint and all of Dell's counterclaims shall be dismissed with prejudice;

(2) Wi-LAN reserves all rights to assert the Patents-in-Suit with respect to infringement occurring after March 11, 2011, and Dell expressly reserves all counterclaims or defenses as to any future actions by Wi-LAN against Dell; and

(3) Wi-LAN and Dell each shall bear their own costs and attorneys' fees.

### B.  WI-LAN'S SECOND ACTION AGAINST DELL

The present action was filed by Plaintiff Wi-LAN on September 1, 2011. As with the Complaint in *Wi-LAN I*, Plaintiff has again alleged that Dell products infringe the same '222 Patent and '802 Patent that were asserted in *Wi-LAN I*.

Plaintiff's Infringement Contentions, served on December 9, 2011, allege that Claims 1-3 of the '222 Patent and Claims 1, 10, and 12-14 of the '802 Patent are being infringed by Dell. These claims of the Asserted Patents were asserted in *Wi-LAN I*. Further, although several newly accused products, such as Dell cellular telephones and tablets, have been identified, most of the Dell products accused of infringement in this case are the same ones that were accused of infringement in *Wi-LAN I*, including:

- Dell XPS Notebook Computers
- Dell Inspiron Notebook Computers
- Dell Latitude Notebook Computers
- Dell Precision Notebook Computers
- Dell Vostro Notebook Computers

The only difference between these two cases resides in the addition of a few newly accused products and the wording of the allegations of the Complaint. Whereas the Complaint of *Wi-LAN I* alleged that Dell products "including, but not limited to, products compliant with the IEEE 802.11 and/or 802.16 standards" infringed the Asserted Patents, the present Complaint

alleges that "products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards" infringe the Asserted Patents. This difference in the language of the pleadings is immaterial. At bottom, Wi-LAN is asserting the same patents against Dell as it did before, and it is accusing the same Dell products of infringing these patents.

II. **PLAINTIFF'S CLAIM OF INFRINGEMENT BY THE SAME PRODUCTS ACCUSED OF INFRINGEMENT IN *WI-LAN I* IS BARRED**

    A. **CLAIM PRECLUSION PREVENTS WI-LAN FROM RELITIGATING ITS EARLIER CAUSE OF ACTION**

In *Wi-LAN I*, Plaintiff asserted that Dell was liable for the infringement of the '222 and '802 Patents by the manufacture, use, and sale of the Dell products listed above. The March 24, 2011 Dismissal Order from *Wi-LAN I* finally resolved that action and unambiguously ordered that "[a]ll claims against Dell presented by Wi-LAN's Complaint and all of Dell's counterclaims shall be dismissed with prejudice." This dismissal constitutes a judgment on the merits. "A dismissal which is designated with prejudice is normally an adjudication on the merits for purposes of res judicata." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993). As a judgment on the merits, the dismissal served to extinguish Plaintiff's patent infringement claim for all time and "puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever." *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948).

The Fifth Circuit applies claim preclusion where: "(1) the parties are identical in the two actions; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action is involved in both cases." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (citation omitted). In this action, Plaintiff Wi-LAN has again asserted the '222 and '802 Patents against Dell, and accuses of infringement most of the same products that were already accused of infringement in *Wi-LAN I* ("Overlapping Dell Products"). Thus, this case involves litigation of the same cause of action, by the same parties, despite the existence of a prior final judgment on the merits rendered by a court of competent jurisdiction. Under the doctrine of claim preclusion, Plaintiff's claims against Dell are barred.

Furthermore, Plaintiff Wi-LAN's attempt to recharacterize the facts underlying its cause of action in *Wi-LAN I* cannot serve to create a new cause of action here. In *Wi-LAN I*, Plaintiff accused the Overlapping Dell Products of being "compliant with the IEEE 802.11 and/or 802.16 standards" and therefore infringing the Asserted Patents. In this case, Plaintiff now accuses the same Overlapping Dell Products of being "compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards" and therefore infringing the Asserted Patent. Yet, this difference in the language of the Complaint is irrelevant, for two critical reasons.

First, the Overlapping Dell Products are the same products accused of infringement in *Wi-LAN I*. Being the same products, the structure of these products has not changed. Because "one of the essential transactional facts giving rise to a patent infringement claim is the structure

of the device or devices in issue," *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir. 2008), when the same product is twice accused of infringement, there can be no argument that this transactional fact is not the same in both cases.

Second, Plaintiff's allegations in its Complaint do not define the scope of the patent grant that may be enforced; only the patent claims can define the scope of protectable subject matter. "[T]he claims made in the patent are the sole measure of the grant." *Aro Mfg. Co. v. Convertible Top Replacement Co., Inc.*, 365 U.S. 336, 339 (1961). "[T]he limits of the patent are narrowly and strictly confined to the precise terms of the grant." *Mercoid Corp. v. Mid-Continent Inv. Co.*, 320 U.S. 661, 665 (1944). "He can claim nothing beyond it." *McClain v. Ortmayer*, 141 U.S. 419, 424 (1891). The same patents that were asserted in *Wi-LAN I* are being asserted here. Plaintiff Wi-LAN cannot now attempt to create a new cause of action – in essence an expansion of the scope of its patent grant – through an allegation in the Complaint that the Asserted Patents are now being enforced with respect to different wireless standards. This is nothing more than a different theory of its original case, and although that argument could have been made in *Wi-LAN I*, that time has passed.

Plaintiff's ability to assert these patents against the Overlapping Dell Products was forever extinguished when *Wi-LAN I* was dismissed, regardless of what arguments were raised or could have been raised. "Claim preclusion, where found, operates to bar subsequent assertion of the same transactional facts in the form of a different cause of action or theory of relief. Generally, this principle rests on the assumption that all forms of relief could have been requested in the first action." *Young Eng'r, Inc. v. United States Int'l Trade Comm'n*, 721 F.2d 1305, 1314 (Fed. Cir. 1983). Despite the wording of the Complaint, Plaintiff Wi-LAN is still asserting in this action the same patents against Dell as it did in *Wi-LAN I*, and it is accusing the same Dell products of infringing these same patents. That cause of action has already been resolved.

      **B.    WI-LAN'S RESERVATION OF RIGHTS IS INEFFECTIVE TO REVERSE THE EARLIER DETERMINATION ON THE MERITS**

The language of the Dismissal Order purporting to "reserve all rights" of Wi-LAN to bring another patent infringement action does not change this result. Under Paragraph 2 of the Dismissal Order, "Wi-LAN reserves all rights to assert the Patents-in-Suit with respect to infringement occurring after March 11, 2011." In order for infringement to occur after March 11, 2011, however, Plaintiff would have to prove that after March 11, 2011, Dell was making, using, offering to sell, or selling an infringing device. *See* 35 U.S.C. § 271(a).

The accused Overlapping Dell Products, however, are not infringing devices. The Dismissal Order, having the same force and effect as a trial on the merits, has already determined, for all time, that the Overlapping Dell Products do not infringe the Asserted Patents. *Fernandez-Montes*, 987 F.2d at 284 n.8 ("A dismissal which is designated with prejudice is normally an adjudication on the merits for purposes of res judicata."). Moreover, Wi-LAN cannot relitigate by agreement that which has already been decided. "[S]uch a provision cannot be extended to permit relitigation over a device that has already been adjudicated to [not] infringe, or a device that is legally the same . . . as [a non-]infringing device." *Hallco Mfg. Co., Inc. v. Foster*, 256 F.3d 1290, 1294 (Fed. Cir. 2001). "We will not give parties the power to

**WINSTON & STRAWN LLP**

agree to waste the resources of the courts in revisiting infringement determinations that have already been made." *Id.* The final "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever." *Sunnen*, 333 U.S. at 597.

Accordingly, because the Overlapping Dell Products are not infringing devices, there can be no infringement by Dell after March 11, 2011, given that it was not making, using, offering to sell, or selling an infringing device. "[T]he status of an infringer is derived from the status imposed on the thing that is embraced by the asserted patent claims, the thing adjudged to be infringing." *Young Eng'r, Inc.*, 721 F.2d at 1316. "[W]here the alleged infringer prevails, the accused devices have the status of noninfringements, and the defendant acquires the status of a noninfringer to that extent." *Id.* Although Plaintiff may have reserved the right to bring an action, with respect to the Overlapping Dell Products, Plaintiff Wi-LAN has no rights left to enforce.

Respectfully submitted,

By: /s/ Kimball R. Anderson
Kimball R. Anderson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
kanderson@winston.com

*Attorney for Defendant Dell Inc.*

cc: All counsel of record

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2012, I electronically filed the foregoing LETTER BRIEF with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to all counsel of record.

Dated: March 20, 2012

                               __/s/ Kimball R. Anderson_____