# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 35 WEST WACKER DRIVE | MOSCOW |
| CHARLOTTE | CHICAGO, ILLINOIS 60601 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (312) 558-5600 | PARIS |
| HONG KONG | FACSIMILE +1 (312) 558-5700 | SAN FRANCISCO |
| HOUSTON | | SHANGHAI |
| LONDON | www.winston.com | WASHINGTON, D.C. |
| LOS ANGELES | | |

KIMBALL R. ANDERSON
Partner
312-558-5858
kanderson@winston.com

April 11, 2012

VIA ECF FILING

Chief Judge Leonard Davis
William M. Steger Federal Building
211 West Ferguson, Third Floor
Tyler, TX 75702

    Re:    *Wi-LAN Inc. v. Apple, Inc. et al.*, Case No.: 6:11-cv-00453-LED

Dear Judge Davis:

    We write in further support of Dell's request for leave to file a motion for summary judgment on claim preclusion grounds. As you know from our opening letter, Dell's proposed motion is based on the fact that Wi-LAN has accused in this action most of the exact same products – identical down to the serial numbers – of infringing the same patents as it did in its first action (*"Wi-LAN I"*). Wi-LAN does not dispute this at all. Instead, Wi-LAN seeks to delay the inevitable by alluding to additional discovery, related cases, other stipulations, and new industry standards. That the same Dell products allegedly utilize industry standards that were not identified by Plaintiff in *Wi-LAN I*, however, is of no moment legally. Industry standards may provide a theory of infringement, but they do not provide a new claim that avoids application of doctrine of claim preclusion.

    At bottom, Wi-LAN has no good grounds for opposing the filing of Dell's proposed motion. If Dell's legal position is incorrect, then Wi-LAN will have suffered no prejudice. On the other hand, if Dell's analysis is correct, the Court's goals set forth in its standing Order will have been achieved and all parties involved will be spared the time and expense of having to relitigate this action.

**I.**     **THIS CASE IS BASED ON A NEW THEORY OF INFRINGEMENT, NOT A NEW CLAIM**

    Plaintiff Wi-LAN does not dispute any of the underlying facts supporting Dell's motion. Wi-LAN admits that it previously filed a patent infringement suit against Dell. (Pl.'s Br. at 2.) Wi-LAN does not deny that there was a final judgment in that prior action by a court of competent jurisdiction. (Pl.'s Br. at 2-3.) And, by reference to the infringement contentions from the two actions, Wi-LAN admits that it is now accusing the same Dell products of

infringing the same Wi-LAN patents. (Pl.'s Br. at 1-2.) The only distinction now is that Wi-LAN has a new theory of infringement. This is a distinction without a difference.

Industry standards do not create patent claims. It is beyond peradventure that "the claims made in the patent are the sole measure of the grant." *Aro Mfg. Co. v. Convertible Top Replacement Co., Inc.*, 365 U.S. 336, 339 (1961). "Compliance with industry standards" is merely a legal theory of infringement. Stripped to its essence, Wi-LAN's argument is that it has new legal theory of infringement, this time based upon compliance with industry standard X while before it claimed infringement by compliance with industry standard Y. But this argument does not establish a new claim upon which relief can be granted. The underlying patent claim remains the same, and that claim was dismissed with prejudice in *Wi-LAN I*.

## II.   WI-LAN'S CASE LAW IS NOT HELPFUL TO ITS CAUSE

Wi-LAN's cases demonstrate that Wi-LAN is precluded from accusing the same Dell products of infringing the same patents. For example, *Super Van Inc. v. City of San Antonio*, 92 F.3d 366 (5th Cir. 1996), correctly recites the general requirements[1] for claim preclusion: "(1) The parties be identical in both suits, (2) A court of competent jurisdiction rendered the prior judgment, (3) There was a final judgment on the merits in the previous decision, and (4) The plaintiff raises the same cause of action or claim in both suits." *Super Van Inc. v. City of San Antonio*, 92 F.3d at 370; *see also Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1362 (Fed. Cir. 2000). These elements are all satisfied in this case, barring this action as a matter of law.

Wi-LAN's reliance on other portions of the *Super Van Inc. v. City of San Antonio* decision is misplaced for at least two reasons. First, "[w]hether two claims for patent infringement are identical is a claim preclusion issue that is 'particular to patent law,' and therefore we analyze it under Federal Circuit law," not Fifth Circuit law. *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008). As set forth in Dell's opening letter, under the correct Federal Circuit patent analysis, Wi-LAN's current cause of action is identical to that in *Wi-LAN I*, because it is based upon the same set of transactional facts. Wi-LAN's reference to Fifth Circuit precedent for this question is incorrect.

Second, *Super Van Inc. v. City of San Antonio* involved two separate bankruptcy proceedings, simultaneously pending, where the parties had represented to the bankruptcy court that they "preferred not to have the two actions consolidated." *Super Van Inc. v. City of San Antonio*, 92 F.3d at 369. Later, after losing one of the cases, the plaintiff argued that the second case was precluded under *res judicata*. Thus, *Super Van Inc. v. City of San Antonio* is inapplicable as it involved claim-splitting, as reflected by the fact that the parties were previously litigating two separate cases in simultaneous parallel actions. That is not the case here.

Another case cited by Wi-LAN, *United States v. Davenport*, 484 F.3d 321 (5th Cir. 2007), highlights the flaw in Wi-LAN's argument. In *United States v. Davenport*, the Fifth Circuit Court of Appeals, applying Fifth Circuit law to determine if a case involved the same

---

[1] "To the extent that a case turns on general principles of claim preclusion, as opposed to a rule of law having special application to patent cases, this court applies the law of the regional circuit in which the district court sits." *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008).

federal tax liability claim as an earlier action, stated that "[t]he nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *United States v. Davenport*, 484 F.3d at 326. Although inapplicable to this patent case, *United States v. Davenport* emphasizes a core concept of *res judicata*; that a new legal theory cannot create a new cause of action. Yet, this is exactly what Wi-LAN is now arguing – that it is entitled to relitigate the first case because of a new legal theory of infringing the same Asserted Patents by the use of "the current accused standards," instead of the "prior accused standards" of the first case. It is undeniable that this case still involves the same patents, products, and parties and therefore is precluded as a matter of law. As held in *United States v. Davenport*, "[t]he district court's focus was improper because it looked to the legal theories advanced, forms of relief requested, and types of rights asserted." *Id.* at 327.

Wi-LAN also relies mistakenly on *Acumed LLC v. Stryker Corp.*, a case where the court permitted a subsequent case to proceed even though the defendant argued that "the accused device in this case, the T2 Long nail, could have been litigated with the T2 PHN nail in *Acumed I* because Acumed knew that the T2 Long nail was being sold in the United States when *Acumed I* was litigated." *Id.* at 1325. But *Acumed LLC v. Stryker Corp.* is distinguishable from this case because Dell is not arguing that Wi-LAN could have brought a suit against the accused products in the earlier action and is now precluded. Dell is arguing that Wi-LAN did in fact bring a suit against the very same accused products as in this action, and cannot relitigate the matter.

Furthermore, the *Acumed LLC v. Stryker Corp.* decision makes clear the difference between patent claims, on one hand, and legal theories of infringement, on the other. Under the doctrine of claim preclusion, a plaintiff's cause of action, once decided on the merits, may not be relitigated. "The general concept of claim preclusion is that when a final judgment is rendered on the merits, another action may not be maintained between the parties on the same 'claim,' and defenses that were raised or could have been raised in that action are extinguished." *Hallco Mfg. Co., Inc. v. Foster*, 256 F.3d 1290, 1294, (Fed. Cir. 2001). But, as noted by the court in *Acumed LLC v. Stryker Corp.*, "courts have not always been clear that the phrase 'claims that were raised or could have been raised,' refers to legal theories arising out of the same transactional nucleus of facts, rather than to distinct causes of action." *Acumed LLC v. Stryker Corp.*, 525 F.3d at 1326 (emphasis added). Thus, although in *Acumed LLC v. Stryker Corp.*, a second case against different devices was not precluded, the Court acknowledged that this was distinct from impermissibly relitigating the same transactional facts under a new legal theory.

Finally, Wi-LAN mistakenly relies upon *Davis-Lynch, Inc. v. Hilcorp Energy Co.*, 6:09-cv-168, 2009 U.S. Dist. LEXIS 125393 (Nov. 18, 2009 E.D. Tex.), another case involving different products that were not accused in a first action. Dell's motion, however, does not involve different products, but instead is based on the same products again being accused of infringing the same patents. The products in this case are not "essentially the same" as the accused products in the earlier case. They are the same products.

Respectfully submitted,

By: /s/ Kimball R. Anderson
Kimball R. Anderson

cc: All counsel of record

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2012, I electronically filed the foregoing LETTER BRIEF with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to all counsel of record.

Dated: April 11, 2012

                          /s/ Kimball R. Anderson