Case 6:11-cv-00453-LED   Document 219   Filed 08/13/12   Page 1 of 8 PageID #: 4559

Case 6:11-cv-00453-LED   Document 219   Filed 08/13/12   Page 1 of 8 PageID #:  4559

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| WI-LAN INC., | |
| Plaintiff, | Civil Action No. 6:11-CV-453-LED |
| vs. | |
| APPLE, INC., ALCATEL-LUCENT USA INC., DELL, INC., HEWLETT-PACKARD COMPANY, HTC AMERICA, INC., KYOCERA INTERNATIONAL, INC., KYOCERA COMMUNICATIONS, INC., NOVATEL WIRELESS, INC., SIERRA WIRELESS AMERICA, INC., | JURY TRIAL |
| Defendant(s). | |

## WI-LAN'S REPLY IN SUPPORT OF ITS OPPOSED MOTION FOR DISCLOSURE OF CERTAIN MATERIALS UNDER THE *ACER/WESTELL* PROTECTIVE ORDER NECESSARY TO RESPOND TO DELL'S MOTION FOR SUMMARY JUDGMENT [D.I. 199]

McKool 582320v1

I.      **Introduction.**

Dell misinterprets the language of the *Acer*[1] Protective Order and mischaracterizes the basis for Wi-LAN's request for an order for disclosure of materials under the *Acer* Protective Order.  In its Motion for Summary Judgment (D.I. 192) ("SJ Motion"), Dell inexplicably ignores its own representations and agreements filed with the Court in the *Acer* litigation and omits information about the structure of the accused products at issue in both cases.  Wi-LAN seeks permission to use sealed briefing, related discovery, and claim charts referencing third-party source code from the *Acer* litigation to address the shortcomings in Dell's SJ Motion.  To properly present and characterize the scope and nature of the *Acer* litigation to the Court, Dell's counsel should have taken steps to investigate the scope of the accused devices in *Acer* before filing its SJ Motion under *res judicata*.  Instead, Dell opposed all efforts by Wi-LAN to seek permission to disclose the protected *Acer* information under seal in this case.  Dell should have worked with Wi-LAN and the other *Acer* defendants to make sure that its current lead lawyer (Wilson & Strawn) and local counsel (The Dacus Firm) had the right to see the protected information (which they are prohibited from seeing under the *Acer* Protective Order) that reveals the agreed scope of the accused devices in the *Acer* litigation.  **Why** Dell's current lead counsel did not find it necessary to fully explore the structure of the *Acer* devices at issue ***before*** filing its SJ Motion under *res judicata* and **why** Dell's current counsel asserts that the protected *Acer* documents that reveal the accused structures are "utterly irrelevant" was not explained.  Wi-LAN's Motion for Disclosure (D.I. 199) should be granted for all the reasons stated.

II.     **Argument.**

The core of this dispute is that Dell should not be allowed to make representations and

---

[1] To save space, Wi-LAN uses the designation "*Acer*" to refer to the prior litigation between Wi-LAN and Dell, which was previously referred to as the "*Acer/Westell* Litigation."

1

agreements in *Acer* that pertain to the agreed scope of the devices at issue in the *Acer* litigation and then attempt to prevent their disclosure in the present litigation, where Dell has alleged that claim preclusion bars Wi-LAN's claims against Dell. Dell should not be allowed to (1) cite only the non-confidential documents in *Acer* in an attempt to imply that the scope of accused devices in both *Acer* and this case are the same, and (2) use, at the same time, the *Acer* Protective Order to shield from disclosure in this case the protected pleadings and discovery in *Acer* that would reveal the agreed scope of the claims and accused devices in *Acer*. Dell should not have it both ways. If Dell references non-protected filings and documents from *Acer* to support its motion for *res judicata*, Wi-LAN should be permitted to reference the protected filings and documents from *Acer* to support its opposition to Dell's motion for *res judicata*. Wi-LAN's present Motion to Disclose is intended to provide Wi-LAN with the ability to refute Dell's superficially supported allegations of claim preclusion.

Specifically, as Wi-LAN has explained, the protected information discloses the structure of the accused devices at issue in the *Acer* litigation needed to refute Dell's assertions that the accused devices in *Acer* are "the exact same products," as in this case.[2] (D.I. 202, at p. 5) The protected pleadings and discovery speak to the disputes and agreements reached between Wi-LAN and Dell regarding the scope and nature of Wi-LAN's *Acer* allegations. The protected pleadings and discovery contain representations and admissions that document the fact that Dell refused to provide Wi-LAN with responses to Wi-LAN's requested discovery in the *Acer* litigation pertaining to the structure and functionality of the devices at issue in the present case.

As Wi-LAN explained in detail in its Motion to Disclose (D.I. 199 at p. 6), Paragraph 39 of the *Acer* Protective Order provides a procedure to follow if an *Acer* defendant is "served with

---

[2] *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 479-80 (Fed. Cir. 1991).

a subpoena *or court order* that would compel disclosure . . . ." Dell quotes this language, but it selectively highlights the word "*subpoena*," not the next four words "*or a court order*," which is the relief that Wi-LAN's Motion to Disclose seeks.[3] Wi-LAN sought this Court's order for leave to disclose so that the third parties (e.g., chip supplier defendants) would be afforded an opportunity to object, if they so desired, or take other steps to ensure that their confidential information is properly protected under the current Protective Order.[4] Starting with conversations and emails that were initiated a week (not a few days) before Wi-LAN's response date, the pertinent portions of which have not been quoted by Dell in its briefing, Wi-LAN repeatedly tried to explain to Dell that the protected third-party information at issue (which was designated, referenced and sealed by the *Acer* defendants themselves) is not Wi-LAN's protected information. (D.I. 198, Exhibit A, at pp. 2-7) It is also not all Dell's information. Wi-LAN (or, for that matter, Dell) may not violate the Protective Order by deciding what portions of a document an *Acer* defendant intended to protect and under what circumstances the *Acer* defendant would desire to have the information protected.[5]

---

[3] For the record, Wi-LAN is not adverse to serving a subpoena on the *Acer* defendants. Wi-LAN chose its present course of action as the most direct, efficient and expedited way to proceed.

[4] Dell has attempted to blame Wi-LAN for not seeking the Court's order to disclose or contacting the *Acer* defendants earlier, **before** the Court granted Dell the right even to file its SJ Motion (June 6, 2012) (D.I. 187) and **before** Dell actually filed its SJ Motion (June 28, 2012) (D.I. 192), *immediately before* the July 4 holiday week. Moreover, Dell fails to point out that the parties took several months to negotiate a Joint Protective Order, which was not entered until May 17, 2012 (D.I. 172). A Protective Order in this case was necessary to protect the *Acer* defendants' protected information. Wi-LAN also had no way of knowing before seeing Dell's actual SJ Motion that Dell, despite its burden to do so, would neglect to present evidence pertaining to the structures of the accused devices in the Dell products at issue in the *Acer* litigation and this litigation or that it would omit any discussion of its representations and agreements in *Acer*.

[5] Dell's lead counsel has argued that Wi-LAN should have decided what third-party protected information should be removed and should have served it with a redacted copies of the sealed briefing and protected discovery information. Such a suggestion ignores the fact that its own co-counsel (Jones Day) had access to the information in the *Acer* litigation and, if the suggestion

3

While the *Acer* Protective Order provides only that Wi-LAN notify the third parties within ten (10) calendar days after receiving the court order it seeks, Wi-LAN initiated contact with the third-party *Acer* defendants right after filing its Motion to Disclose, **before** receiving an order requiring disclosure, in order to reach some sort of accommodation with the defendants where possible. If delay were Wi-LAN's purpose behind its Motion to Disclose, Wi-LAN would not have reached out to the *Acer* defendants so quickly. Wi-LAN reached out and attempted to work with Dell a week before Wi-LAN's response was due, and also with the *Acer* defendants, in an attempt to expedite the process, not delay it. Consistent with the practice of this Court, Wi-LAN timely filed a Motion for Extension (D.I. 198) for additional time to work through this issue and obtain the right to disclose the protected documents that would show the Court that the accused devices in *Acer* and this case are not the same.

Dell made certain representations and agreements in protected documents in the *Acer* litigation and now refuses to honor or even acknowledge those representations and agreements in the present case. Dell cites the restriction of use provision in the *Acer* Protective Order to argue against Wi-LAN's obtaining a court order allowing it to reference the relevant protected information from *Acer,* but at the same time Dell insists that Wi-LAN should have filed and served redacted copies referencing such information. Moreover, Dell takes the position that the third-party confidential information that is included with Dell's in joint briefings filed by the

---

were viable, Jones Day could provide Dell's lead counsel with redacted copies. Of course, it is not a viable suggestion, as it does not address the restriction on use provision (¶26) and it ignores (1) the rights of third parties to control access to their protected information, and (2) that Wi-LAN (or Dell) has no way of knowing what confidential information a third party wishes to protect within a document or how the third party wishes to protect that information. Jones Day's inaction on this issue indicates the lack of viability of Dell's proposed course of action. In addition, Dell's proposal ignores the fact that other counsel-of-record in the current litigation, who were not counsel-of-record in the prior *Acer* litigation, would also be served with a copy of the *Acer* protected information.

4

*Acer* defendants under seal (*that Dell's current lead and local counsel have never seen*) "is not even remotely relevant" and is "utterly irrelevant" to its SJ Motion **on *res judicata***. (D.I. 205, at pp. 8-9) How Dell's counsel could know the information is not relevant when they should not have seen any of the documents containing that information is not explained.

Dell relies merely on general information in unsealed and non-confidential documents to support its assertion in its SJ Motion on *res judicata* that *Acer* and this case are the same. Dell's position is nonsensical. According to Dell, only non-protected information about the accused products and contentions in *Acer* is relevant, but protected confidential discovery documents and sealed filings containing information about the devices in those same products that were actually accused of infringement (*documents that Dell's current lead and local counsel have never seen*) are not relevant.

Finally, Federal Rule of Civil Procedure Rule 56(d) pertains to a response to a Motion for Summary Judgment, not a motion to disclose under a Protective Order. If relevant at all, Dell should have cited Rule 56 in response to Wi-LAN's Motion to Extend its response date to Dell's SJ Motion, not in response to a Motion to Disclose under a Protective Order. Nevertheless, by its very terms, Rule 56(d) speaks to a situation "When Facts ***Are Unavailable*** to the Nonmovant." Here, however, as to the information provided under the *Acer* Protective Order, the facts ***are available*** to the Wi-LAN. Wi-LAN cannot reference the facts because the facts ***are not available*** to Dell's Lead and Local Counsel. Wi-LAN would violate the *Acer* Protective Order if it discloses the facts in its Response. That is what Wi-LAN is trying to address with its Motion to Disclose—the right to explain the basis for its opposition and cite the requisite documents needed to substantiate its position to Opposing Counsel and to the Court.

### III. Conclusion.

For the foregoing reasons, Wi-LAN's Motion to Disclose should be GRANTED.

|  |  |
|---|---|
| Dated: August 13, 2012 | **MCKOOL SMITH, P.C.** |
|  | */s/ Sam Baxter* |
|  | Sam Baxter |
|  | Texas State Bar No. 01938000 |
|  | sbaxter@mckoolsmith.com |
|  | **MCKOOL SMITH, P.C.** |
|  | 104 East Houston Street, Suite 300 |
|  | Marshall, Texas  75670 |
|  | Telephone: (903) 923-9000 |
|  | Telecopier: (903) 923-9099 |
|  |  |
|  | Robert A. Cote |
|  | NY State Bar No. 2331957 |
|  | **MCKOOL SMITH, P.C.** |
|  | One Bryant Park, 47th Floor |
|  | New York, New York 10036 |
|  | Austin, Texas 78701 |
|  | Telephone: (212) 402-9400 |
|  | Telecopier: (212) 402-9444 |
|  |  |
|  | **ATTORNEYS FOR PLAINTIFF WI-LAN INC.** |

McKool 582320v1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system and by electronic means on counsel of record on August 13, 2012.

*/s/ Sam Baxter*
Sam Baxter
